UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 11928 DPW**

| | |
|---|---|
| TEXTRON INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ONEBEACON AMERICA INSURANCE COMPANY, a Massachusetts corporation, as successor in interest to AMERICAN EMPLOYERS' INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY, and EMPLOYERS' COMMERCIAL UNION COMPANIES,<br><br>Defendant. | Civil Action No. MAGISTRATE JUDGE ___RBC___<br><br>COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND ATTORNEYS' FEES AND JURY DEMAND<br><br>RECEIPT # 58389<br>AMOUNT $ 150<br>SUMMONS ISSUED yes<br>LOCAL RULE 4.1___<br>WAIVER FORM___<br>MCF ISSUED___<br>BY DPTY. CLK. Foley<br>DATE 9/2/04 |

Plaintiff Textron Inc. ("Textron") alleges as follows for its Complaint against Defendant OneBeacon America Insurance Company, as successor in interest to American Employers' Insurance Company, Commercial Union Insurance Company, and Employers' Commercial Union Companies ("OneBeacon"):

## NATURE OF ACTION

1. This is a civil action for declaratory relief, monetary damages and attorneys' fees arising out of OneBeacon's ongoing breach of its contractual obligations to defend and indemnify Textron against liability for various bodily injury claims and losses

DC: 1494671-4

covered under liability insurance policies purchased by Welsh Manufacturing Company at various times during the period of at least 1965 through 1971. Textron seeks:

    (a)    a declaration of the rights, duties and liabilities of the parties under the insurance policies issued by OneBeacon's predecessors with respect to underlying claims asserting bodily injury allegedly caused, in whole or in part, by Welsh Manufacturing Company;

    (b)    monetary damages and other relief for the harm caused by OneBeacon's breach of its contractual obligations to defend and indemnify Textron with respect to those same underlying claims; and

    (c)    attorneys' fees and costs incurred by Textron in bringing this action to enforce its contractual rights.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has personal jurisdiction over the Defendant because OneBeacon is a Massachusetts corporation with its principal place of business at One Beacon Street, Boston, Massachusetts, 02108. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and (c).

## THE PARTIES

3. Plaintiff Textron is a corporation organized under the laws of Delaware with its principal place of business at 40 Westminster Street, Providence, Rhode Island 02903. Textron acquired Welsh Manufacturing Company ("Welsh") in 1970 and assumed all the liabilities of Welsh, and the Welsh operations became a division of Textron until Textron sold it in 1976. Welsh is insured under the liability insurance policies issued by OneBeacon's

2

predecessors, including American Employers' Insurance Company, Commercial Union Insurance Company, and Employers' Commercial Union Companies.

4. Defendant OneBeacon, formerly known as Commercial Union Insurance Company, is organized under the laws of Massachusetts and has its principal place of business in Boston, Massachusetts. OneBeacon is the successor in interest to numerous insurance companies, including American Employers' Insurance Company, Commercial Union Insurance Company, and Employers' Commercial Union Companies.

## THE UNDERLYING TORT CLAIMS

5. In various states across the country, individuals have brought lawsuits against Textron in which they claim damages from bodily injury allegedly caused by respirators manufactured and sold by Welsh (hereinafter the "Underlying Tort Claims"). Textron has defended, and is currently defending, against the Underlying Tort Claims in numerous cases brought by thousands of plaintiffs over the years.

6. In connection with the Underlying Tort Claims, Textron has incurred in excess of $5 million in indemnity costs (in the form of both settlements and judgments) and defense costs that have not been reimbursed by insurance.

7. Textron expects that additional claims similar to the Underlying Tort Claims will continue to be asserted against it in the future, and that it will continue to incur significant costs in connection with those claims.

## THE LIABILITY INSURANCE POLICIES AT ISSUE

8. At various times during the period from at least 1965 to 1971, in consideration of premiums paid by Welsh, OneBeacon's predecessors, including without limitation American Employers' Insurance Company, Commercial Union Insurance Company,

3

and Employers' Commercial Union Companies, duly executed and delivered to Welsh certain liability insurance policies (hereinafter the "Policies"). Each of the Policies provided Welsh with coverage for liability based on claims for bodily injury, property damage and personal injury arising out of its operations and products. Textron has the rights to pursue coverage under the Policies because Textron acquired Welsh in 1970 and assumed all of its liabilities. Textron reserves the right to claim coverage under additional policies issued by OneBeacon and its predecessors and affiliates should such additional policies become known to Textron.

9. Each of the Policies requires OneBeacon to pay all sums that Textron becomes legally obligated to pay as damages because of bodily injury, property damage or personal injury in whole or in part during the periods covered by the Policies. OneBeacon's contractual obligation to make full payment on behalf of its insureds (hereinafter the "duty to indemnify") is subject only to upper limits of liability, if any, in each Policy.

10. Each of the Policies also requires OneBeacon to defend any suit potentially seeking damages payable under the terms of the policy, even if the allegations of the suit are groundless, false or fraudulent (hereinafter the "duty to defend"). OneBeacon's duty to defend applies as long as the underlying allegations do not preclude the possibility that the claims are covered by one or more of the Policies.

11. Welsh timely paid all premiums due under the Policies, all of which have been in full force and effect at some time during the period relevant to this Complaint.

12. Textron has sought coverage from OneBeacon under the Policies for the Underlying Tort Claims. OneBeacon has failed to accept its obligations to defend against and indemnify for those claims. OneBeacon's failure to defend the Underlying Tort Claims has caused Textron to incur substantial costs and expenses.

13. Textron has provided information to OneBeacon relating to its coverage claims, including evidence of the Policies' existence and terms. Instead of acknowledging its duties to indemnify and defend Textron under the Policies, OneBeacon has unnecessarily delayed resolution of this matter, has failed without a reasonable or justifiable basis to provide coverage for the Underlying Tort Claims and has unreasonably failed to fulfill its obligations to provide coverage for those claims.

FIRST CLAIM FOR RELIEF
(Declaratory Relief)

14. Textron repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 13.

15. This is a claim for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Textron seeks a judicial determination of the rights and duties of Textron and OneBeacon with respect to an actual controversy arising out of the Policies issued by OneBeacon's predecessors.

16. Pursuant to the terms of the Policies, OneBeacon is obligated to indemnify Textron for all sums that Textron becomes obligated, through judgment, settlement or otherwise, to pay on account of the Underlying Tort Claims, and any other tort claims that may become ripe in the future against Textron, as long as any portion of the alleged injury occurs during the periods covered by the Policies. OneBeacon's contractual duty to indemnify Textron is subject only to the conditions set forth in Paragraph 9, which is incorporated herein by reference.

17. Pursuant to the terms of the Policies, OneBeacon is obligated to defend Textron against the Underlying Tort Claims, and any other tort claims that may become ripe in the future against Textron, as long as there is any potential that any portion of the alleged injury occurs during the periods covered by the Policies. OneBeacon's contractual duty to defend

Textron is subject only to the conditions set forth in Paragraph 10, which is incorporated herein by reference.

18. OneBeacon has failed to provide Textron with coverage for the Underlying Tort Claims, despite repeated requests from Textron that it do so. OneBeacon also has failed to defend Textron against any of the Underlying Tort Claims, despite repeated requests from Textron that it do so.

19. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## SECOND CLAIM FOR RELIEF
(Breach of Contract)

20. Textron repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 19.

21. OneBeacon has breached the Policies by failing to defend and indemnify Textron in any of the Underlying Tort Claims.

22. As a direct result of OneBeacon's breaches of the Policies, Textron has been deprived of the benefit of the insurance coverage issued by OneBeacon's predecessors, and has been forced to pay and will continue to pay substantial sums in the investigation, defense and settlement of, or judgment on, the Underlying Tort Claims.

23. As a direct result of OneBeacon's breaches of the Policies, Textron has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other costs and expenses in bringing this action and the lost earnings on amounts wrongfully withheld by OneBeacon, which damages are not subject to the Policies' limits of liability, if any.

24. As a direct and proximate result of the aforesaid breaches by OneBeacon, Textron has been damaged in an amount to be proved at trial, but in excess of $75,000.00, for all damages, costs, payments, attorneys' fees, interest, and all other sums incurred to date.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. On its First Claim for Relief, Plaintiff requests that the Court enter judgment:

 (a) declaring that pursuant to the terms of the Policies, OneBeacon is obligated to indemnify Textron for all sums that Textron has or will become legally obligated to pay, through judgment, settlement or otherwise, with respect to the Underlying Tort Claims and any other tort claims against Textron that may become ripe in the future, as long as any portion of the alleged injury occurs during the periods covered by the Policies, subject only to applicable limits of liability, if any, in the Policies;

 (b) declaring that pursuant to the terms of the Policies, OneBeacon is obligated to pay all costs Textron has or will incur in defending against the Underlying Tort Claims and any other tort claims that may become ripe in the future that potentially could fall within OneBeacon's coverage obligation under the Policies;

 (c) awarding Textron its attorneys' fees and costs incurred in connection with this suit and prejudgment interest on Textron's compensatory and consequential damages at the maximum rate permitted by law; and

 (d) such other and further relief as the Court may deem just and proper.

2. On its Second Claim for Relief, Plaintiff requests that the Court enter judgment against OneBeacon and award it:

 (a) actual money damages according to proof at trial, plus interest according to law;

 (b) its attorneys' fees and costs incurred in connection with this suit; and

 (c) such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff requests a trial by jury on all issues.

Respectfully submitted,

*[signature: Martin C. Pentz (mcj)]*

Martin C. Pentz (BBO# 394050)
Michelle C. Jackson (BBO# 654825)
NUTTER MCCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000
(617) 310-9000 (fax)


Anna P. Engh, Esq.
Stuart J. Evans, Esq.
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-5221
(202) 778-5221 (fax)

*Counsel for Plaintiff Textron Inc.*

Dated: September 2, 2004

1358420.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Textron Inc. v. OneBeacon America Insurance Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Martin C. Pentz, Esq.__
ADDRESS __Nutter McClennen & Fish LLP, World Trade Center West, 155 Seaport Blvd., Boston, MA 02210__
TELEPHONE NO. __(617) 439-2253__

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Textron, Inc.

**DEFENDANTS**
OneBeacon America Insurance Company

(b) County of Residence of First Listed Plaintiff: Providence, Rhode Island
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Suffolk, Massachusetts
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment A.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

TORTS - PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

TORTS - PERSONAL INJURY
- [ ] 362 Personal Injury—Med. Malpractice
- [ ] 365 Personal Injury—Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
For declaratory judgment pursuant to U.S.C. Sections 2201 and 2202 and for breach of an insurance contract.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND: unspecified damages
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): N/A
JUDGE _____ DOCKET NUMBER _____

DATE: 9/2/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____